

MACDONALD
LAW FIRM

Mailing & Delivery
1069 So. Robert Street
W. St. Paul, MN 55118
Main: (651) 222-4400
Fax: (651) 222-1122

February 18, 2014

Judge Susan Richard Nelson
Warren E. Burger Federal Building
And U.S. Courthouse
316 North Robert Street
St. Paul, Minnesota 55101

RE:   Sandra Grazzini-Rucki, et al v. David L. Knutson, et al;
      Court File No.: 0:13-CV-02477 (SRN/JSM)

Dear Judge Nelson:

I am writing on behalf of Plaintiffs in the above matter and in conjunction with an email from your clerk, Lynn Holden, on January 27, 2014, after inquiring as to supplementing the record.

Defendant's motion to dismiss/summary judgment are based on the claim of judicial immunities. Following the January 10 motion, Defendant's attorney, Alethea Huyser, provided additional evidence of a clear absence of jurisdiction in a sworn *Affidavit of David Knutson*, where he attached partial transcripts of the child custody trial, previously withheld.

The significance is that Defendant's sworn affidavit admits to verbal permission to deputies – an oral warrant – for search and seizure of Plaintiff's attorney's camera and phone. There is no such thing as an "oral warrant" in Anglo American jurisprudence, adverse to the 4th amendment to the Minnesota and Federal Constitutions. This is also confirmed by the deputy sheriffs, and the affidavit and transcript is now available for your review.

No jurisdiction means no immunities. There is no immunity for such non-judicial acts. See *Hoppe v. Klapperich*, 224 Minn. 224 (1947).

The new evidence confirms that the trial that concluded on September 12 was not a judicial act, but acts under color of law, relating the 18 USC 1983 civil rights action.

In addition, Defendant has provided additional evidence of improper assignment, and usurping of court files by Defendant to add to the Affidavits in support of denying the motion to dismiss.

We are requesting to supplement the record with important new evidence as to usurping of court file(s), absence of jurisdiction, and non-judicial acts in requesting that this court deny the Motion to Dismiss, only the tip of the iceberg, as discovery has not been available due to the pending dispositive motion:

Mediation & Arbitration
RULE
ADMISSION OF
MACDONALD

Saint Paul & Suburbs  ♦  1069 So. Robert Street  ♦  W. St. Paul, MN 55118  ♦  Office: (651) 222-4400
Minneapolis & Suburbs  ♦  3300 Edinborough Way - Suite 550  ♦  Edina, MN 55435  ♦  Office: (952) 746-4243
Stillwater & Surroundings  ♦  6351 St. Croix Trail  ♦  Stillwater, MN 55082  ♦  Office: (651) 455-5529

And below there is more evidence that the September 5 phone call, resultant September 7, 2012 order, the trial that concluded on September 12, 2013, and the custody order of November 25, (filed first as an attached to the motion to dismiss here) were not judicial acts, but acts without jurisdiction, under color of law, relating the 18 USC 1983 civil rights action.

We are writing this letter to requests a motion to supplement the record with important new evidence, keeping in mind that this is *without* benefit of discovery, because Defendant immediately filed a motion to dismiss/summary judgment:

1. Additional evidence of improper assignments, and the usurping of court files is a Notice, dated June 28, 2011, "No judicial officer assigned". This can be added to the affidavits in support of denying the motion to dismiss. It is more evidence of usurping court files, which signifies no jurisdiction or immunity.

2. In addition, on January 24, 2014, Defendant through his attorney, Alethea Huyser, provided an Affidavit of David Knutson, along with a partial transcript of the child custody trial, September 12, 2013 (See Defendant's Affidavit, attaching transcripts). Plaintiff has repeatedly requested the transcripts, which has not been provided heretofore.

3. The Defendant David Knutson's sworn Affidavit is significant as to the absence of jurisdiction, and evidence of non-judicial and/or administrative acts, for which there is no judicial immunity. Defendant states he provided verbal permission for a search and seizure, contrary to *Hoppe*, as cited in our Memorandum.

4. The Affidavit, and transcripts, confirm Defendant's role in the arrest of Plaintiff's attorney, which he claims no responsibility for, and his role in demanding, over objection, the child custody trial continue, even though children are missing, Mother is absent, and Mother's attorney is under arrest, and in the jurisdiction of the sheriff's deputies.

5. This conduct cannot possibly be considered judicial acts for which there is immunity.

6. The child custody order, generated after the custody trial, November 25, was first attached to the Defendant's Affidavit in support of his motion to dismiss, November 26. There is more evidence the custody order was generated to use as an Exhibit for the defense of the federal lawsuit against Defendant, and not for proper purposes.

7. The Deputy Sheriff's, Gonder and Melton, testified on January 27, 2014, and confirmed the Defendant's verbal permission to search the camera/phone, and Defendant knew of the Plaintiff's attorney's condition, ie. handcuffs, wheelchair. Defendant verbally ordered sheriffs, return her to complete the child custody trial in

this condition, and without Plaintiff. The testimony of the deputies refutes Defendant, and is available in transcript.

8. During the hearing, on January 10, attorney Lisa Elliott spoke to and provided Defendant's attorney, Alethea Huyser, with paperwork, which Ms. Huyser has now disclosed. This is significant to the phone call September 5, 2012 and order September 7, 2012, which Plaintiff's claim is not a judicial act, but administrative acts absent jurisdiction.

9. The Rucki children remain on the list of missing and exploited children, in terms of absence of jurisdiction over custody. There was a news article, Fargo Forum, as they are on shopping bags in Fargo, North Dakota. The current status of the missing Rucki children is available, and relevant for consideration.

10. Also, Defendant's attorney argued the Plaintiff's remedy was exclusively a State Court appeal. Plaintiff argued to the U.S. Supreme Court in a Petition for Writ of Certiorari, filed November 14, 2013. The status is available, and relevant.

11. Also, Defendant's attorney argued removal of the Judge as a remedy, and the status of repeated requests for removal by Plaintiff is available and relevant.

12. Also, Defendant's attorney argued a Complaint to the Board of Judicial Standards, as a remedy, and the status of such complaints is available and relevant.

We respectfully request that this additional evidence, obtained without the benefit of any discovery, due to Defendant's pending motion, to be added to the record, the motion to dismiss and for summary judgment be denied, and discovery proceed.

Very truly yours,

MACDONALD LAW FIRM, LLC

*Michelle L. MacDonald*

Michelle L. MacDonald
Attorney at Law

MLM/das

cc: Sandra Grazzini-Rucki
    Alethea Huyser, Esq.