

STATE OF MINNESOTA
OFFICE OF THE ATTORNEY GENERAL

SUITE 1100
445 MINNESOTA STREET
ST. PAUL, MN 55101-2128
TELEPHONE: (651) 282-5700

March 14, 2014

The Honorable Susan Richard Nelson
U.S. District Judge
United States District Court
774 Warren E. Burger Federal Building and
 U.S. Courthouse
316 North Robert Street
St. Paul, MN 55101

    Re:    *Grazzini-Rucki, et al. v. Knutson*
            Civil File No. 0:13-cv-02477 (SRN/JSM)

Dear Judge Nelson,

    This letter is submitted in response to Plaintiff's Letter to the Court (Doc. No. 38). On January 10, 2014, this Court took under advisement Defendant Judge David Knutson's Motion to Dismiss, based primarily on judicial immunity arguments. The Motion was essentially a Rule 12(b)(6) motion, and was premised on Plaintiff's pleadings and matters of public record.

    Plaintiff has already submitted a voluminous number of documents for the court's consideration, and now seeks to add more documents and facts to the record. Because the motion was taken under advisement over two months ago, Plaintiff's request is untimely. In addition, the documents she seeks to file are factually and legally irrelevant. Defendant requests the Court deny Plaintiff's request.

    In response to Plaintiff's specific proffers of evidence:

### Affidavit Submitted In State Criminal Proceedings.

    The affidavit referenced in Plaintiff's letter was submitted by Judge Knutson in support of his motion to quash a subpoena served on him by Ms. MacDonald's criminal defense attorney. The subpoena demanded Judge Knutson appear at an omnibus hearing to provide testimony as part of a criminal matter pending against Ms. MacDonald. Setting aside Plaintiff's misrepresentations as to the contents and import of papers filed[1], Plaintiff fails to note that the

---

[1] As a matter of substance, Defendant disputes any characterization suggesting he was personally involved in Dakota County's decision to arrest Ms. MacDonald. Nor is Defendant aware of any contention by the Dakota County officials to the contrary.

The Honorable Susan Richard Nelson
March 14, 2014
Page 2

state district court quashed the subpoena on the grounds that the testimony sought related solely to actions taken by Judge Knutson in his judicial capacity and were held to be non-discoverable.

Plaintiff also cites *Hoppe v. Klapperich*, 28 N.W.2d 224 (Minn. 1947). In addition to being a state court case, *Hoppe* concerned the jurisdiction of a "justice court," which was not an Article III court. In *Hoppe*, the Minnesota Supreme Court held that the "justice court is of special and limited jurisdiction and is confined strictly to the power conferred on it by statute, and this power must be exercised in the manner proscribed." *Id.* at 235. Because the authorizing statute for the justice court provided for a specific procedure that was not followed, the supreme court determined that the justice court in that case was acting in a clear absence of jurisdiction. *Id.* at 235-36. As such, immunity did not apply.

Article III judges, such as the named defendant here, are not of such limited jurisdiction, and Minnesota case law is consistent with federal law on extending immunity in circumstances such as those presented here. Plaintiff has failed to find any case law applying such a rule to an Article III judge, and the affidavit proffered by Plaintiff is irrelevant to the legal issues before the Court.

## Various Other Matters Raised by Plaintiff Also Not Relevant.

- The November 25, 2013 state court order was published on MNCIS on that same date and after Plaintiff's federal complaint was filed. That order is not the subject matter of Plaintiff's Complaint. In addition, that order was filed on MNCIS just a week or two shy of the statutory 90-day deadline for its release and prior to being filed with this court.

- The document provided to Defendant's attorney on January 10, 2014 was a copy of an email indicating that the September 7, 2012 family law order was based on language agreed to and approved by Plaintiff's own attorney. Courts frequently agree to language approved by both parties, and generally encourage dispute resolution between the parties. That email was not submitted into evidence by Defendant because it is not a public record, but is actually evidence that Plaintiff previously agreed to the very order she now challenges in this federal case.

- Documents pertaining to the status and/or success of Plaintiff's various motions and appeals have not been produced to Defendant. Regardless, documents related to proceedings before other tribunals are irrelevant. Well-established federal law provides the basis for Defendant's motion. In addition, the other appeals and motions identified by counsel provide the appropriate procedural mechanism for the types of complaints Plaintiff raises, regardless of whether Plaintiff's particular allegations are found meritorious.

- The custodial status of the members of the Grazzini-Rucki family, while no doubt of serious import to the family, is without legal relevancy to this proceeding. Any documents related to this subject matter also have not been provided to Defendant.

The Honorable Susan Richard Nelson
March 14, 2014
Page 3

- Defendant is without any knowledge as to the so-called "usurping of files," and Plaintiff's representation is too vague to permit a response. Nonetheless, Plaintiff has already presented documents and argument purporting to support this allegation, which are under review by the Court. Any new documents have not been provided to Defendant, and would not further this Court's decision.

Finally, Plaintiff's letter contains inaccurate characterizations and misrepresentations, which are simply too numerous to thoroughly address. Defendant requests that Plaintiff's proffer be rejected as untimely and irrelevant. However, in the event the Court permits additional filings, Defendant does request a chance to provide the Court a response as to any matters of relevance in the form of briefing or additional documentation.

Sincerely

/s/ Alethea M. Huyser
ALETHEA M. HUYSER
Assistant Attorney General
Attorney Registration No. 389270

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1243 (Voice)

Attorney for Defendant David L. Knutson